**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| GREGORY CONWAY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JOHN DOE, )<br>JOHNSON, and )<br>MYERS, )<br>)<br>Defendants. ) | Case No. 17−cv−0109−NJR |

## **MEMORANDUM AND ORDER**

**ROSENSTENGEL, District Judge:**

Plaintiff Gregory Conway, an inmate in Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks declaratory relief and damages. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-

1

27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this Complaint is subject to dismissal.

## **The Complaint**

Plaintiff originally filed suit on December 28, 2016, in Case No. 16-cv-1393-SMY. The claims in this suit were severed from that action on February 2, 2017, because they are unrelated to the claims in that case. (Doc. 1). As specific to the claims in this case, Plaintiff has alleged that he was sexually assaulted at Western Illinois Correctional Center, and that after he complained about it, staff began harassing him. (Doc. 2, pp. 6-9). On May 21, 2015, Plaintiff was transferred to Pinckneyville Correctional Center. (Doc. 2, p. 9). As he was getting on the bus, Gooden, one of the officers who had been harassing Plaintiff at Western, said "I hope you don't think your [sic] getting away do you?" *Id*. When the bus stopped at Lincoln Correctional Center, Gooden escorted Plaintiff over to the bus for Pinckneyville, where he told Correctional Officer Johnson that Plaintiff was a troublemaker and to "show him how we deal with troublemakers." (Doc. 2, p 10). Johnson then wrote Plaintiff an allegedly false disciplinary report based on his conduct on the bus to Pinckneyville. (Doc. 2, p. 11).

Plaintiff received the disciplinary report on May 22, 2015. (Doc. 2, p. 12). He immediately filled out the lower portion of the report to request inmates Parnell, Jackson,

Nuckles, Chadwick, and Clark testify at the disciplinary hearing. (Doc. 2, pp. 12-13; Doc. 2-2, pp. 3-4). Plaintiff's adjustment committee hearing was on May 24, 2015. (Doc. 2, p. 13). Plaintiff told John Doe and Myers that he had requested witnesses. *Id*. Plaintiff then attempted to give his list of witnesses to Myer, who told him that it was too late for that. *Id*. When Plaintiff protested, John Doe stated that "Their [sic] right, you are a troublemaker. Guilty as charged now get out of here." (Doc. 2, p. 14). Plaintiff went to segregation for 30 days as punishment. *Id*.

## Discussion

Judge Yandle's threshold order in the original case (Case No. 16-cv-1393-SMY) severed two counts into this action:

> **Count 5 –** First Amendment retaliation claims against Johnson, Myers, and Lieutenant John Doe for Johnson filing false disciplinary charges against Plaintiff on May 22, 2015 and Myers and Lieutenant John Doe refusing to allow Plaintiff to call witness at the hearing on those charges and ultimately giving Plaintiff 30 days in segregation in retaliation for the sexual assault Plaintiff reported and grievances he filed at Western Illinois;
>
> **Count 6 –** Fourteenth Amendment due process claims against Johnson, Myers, and Lieutenant John Doe for Johnson filing false disciplinary charges against Plaintiff on May 22, 2015 and Myers and Lieutenant John Doe refusing to allow Plaintiff to call witnesses at the hearing on those charges and ultimately giving Plaintiff 30 days segregation.

As to Plaintiff's **Count 5**, to succeed on a First Amendment Retaliation claim, a plaintiff must prove 1) that he engaged in conduct protected by the First Amendment; 2) that he suffered a deprivation that would likely deter First Amendment activity in the future; and 3) that the protected conduct was a "motivating factor" for taking the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). When a prisoner alleges retaliation, it is not enough to simply state the cause of action. The inmate must identify the reasons that retaliation has been taken, as well as "the act or acts claimed to have constituted retaliation," so as to put those charged with

3

the retaliation on notice of the claim. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). The inmate need not plead facts to establish the claim beyond doubt, but need only provide the bare essentials of the claim, specifically, the reason for the retaliation and the acts taken in an effort to retaliate. *Id.*

Here, Plaintiff has not adequately alleged a First Amendment retaliation claim. Specifically, he has not alleged that any of the defendants were retaliating against him because he engaged in protected conduct. Instead, he alleges that Gooden told Johnson that Plaintiff was a troublemaker. The term "troublemaker" does not necessarily imply that Plaintiff filed grievances or otherwise engaged in protected conduct. It could have meant any number of things. Plaintiff does not allege that Gooden specifically told Johnson about Plaintiff's grievance activity or that Johnson would have any reason to know about Plaintiff's grievance activity. Plaintiff does not allege that he filed any grievances on Johnson specifically, and the timeline he provided suggests it would have been impossible prior to the issuance of the disciplinary report. And although Plaintiff has alleged that Myers and Doe failed to call his witnesses, he has not alleged that either one of them even spoke with Johnson, much less Gooden. On these facts, assuming the other two elements are met, there is no way the Court could conclude that Plaintiff's protected conduct was the motivating factor behind the discipline he received. Plaintiff may have a claim against Gooden, but not in this case, as he has been dismissed as a defendant.

Plaintiff's claim in **Count 6** also fails. When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his confinement impose "atypical and significant

4

hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*. In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). If the inmate is housed at the most restrictive prison in the state, he or she must show that disciplinary segregation there is substantially more restrictive than administrative segregation at that prison. *Id.* In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id.* Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.*

Here, the only deprivation that Plaintiff has alleged is that he was sent to segregation for 30 days. First, 30 days is a short period of confinement in segregation, and may not be long enough to trigger constitutional protection. *Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005) ("But while Lekas's 90 day segregation was longer than the 19 day confinement in *Williams* and even the 70 day confinement in *Thomas* it was still not so long as to work an atypical and significant hardship.") (citations omitted); *Whitford v. Boglino*, 63 F.3d 527, 533 (7th Cir. 1995). While the Seventh Circuit has clarified that a term of segregation shorter than 6 months may state a claim, whether it will or not depends on the conditions of confinement a prisoner is exposed to during that time. *Kervin v. Barnes*, 787 F.3d 833, 836 (7th Cir. 2015) (district judge was correct to dismiss suit where prisoner alleged he was sent to segregation for 30 days and did

not suffer any significant injury as a result of the placement). Plaintiff has not described the conditions in segregation at all or otherwise suggested that they were more restrictive then the most restrictive prison in the state or that he was subjected to significant hardship as a result of the placement. All he has alleged was that he was sent to segregation for 30 days. Without more, his claim fails.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file a First Amended Complaint, stating any facts which may exist to support his claims of retaliation and due process, within 28 days of the entry of this order (on or before **April 4, 2017**). An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff is warned, however, that the Court takes the issue of perjury seriously, and that any facts found to be untrue in the First Amended Complaint may be grounds for sanctions, including dismissal and possible criminal prosecution for perjury. *Rivera v. Drake*, 767 F.3d 685,

686 (7th Cir. 2014) (dismissing a lawsuit as a sanction where an inmate submitted a false affidavit and subsequently lied on the stand).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

DATED:  March 7, 2017

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**