# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY CONWAY, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 17−cv−0109−NJR |
| CHARLES HECK, WILLIAMS JOHNSON, and MARCUS MYERS, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Gregory Conway, an inmate of the Illinois Department of Corrections ("IDOC") housed in Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. The claims in this lawsuit were severed from another matter on February 3, 2017. (Doc. 1). The claims then underwent threshold screening on March 7, 2017. (Doc. 6). The Court found that Plaintiff had failed to state a claim upon which relief could be granted and dismissed the Complaint with leave to amend. (Doc. 6). Plaintiff filed an Amended Complaint on March 31, 2017. (Doc. 8).

This case is now before the Court for a preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Amended Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is once again subject to summary dismissal.

**The Amended Complaint**

Plaintiff was transferred to Pinckneyville Correctional Center on May 21, 2015. (Doc. 8, p. 5). Lieutenant Gooden told William Johnson that Plaintiff was a troublemaker and that Pinckneyville should show Plaintiff "how we deal with troublemakers." *Id.* Plaintiff alleges that Gooden made that remark because Plaintiff had reported a sexual assault at Western Correctional Center, where Gooden was employed. *Id.* Johnson turned to Plaintiff and said, "So you're a troublemaker, we got a way of dealing with trouble makers in Pinckneyville." *Id.* Plaintiff was then written a disciplinary report for talking on the bus, which he alleges was fabricated in retaliation. *Id.*

Plaintiff was served the disciplinary report written by Williams on May 22, 2015. *Id*. Although the original Complaint alleged that Plaintiff filled out the bottom portion requesting witnesses and gave it to a Corrections Officer ("C/O") (Doc. 2, pp. 12-13), Plaintiff now alleges that he merely called after the C/O who dropped the form off and that the C/O ignored him. (Doc. 8, p. 5).

Plaintiff had his Adjustment Committee hearing on May 24, 2015. *Id.* Heck and Myers presided over the hearing. *Id.* Plaintiff informed them he wished to call witnesses, but they told him it was too late for that. *Id.* Plaintiff began arguing about the witnesses, but Heck cut him off, saying, "They're right, you are a troublemaker . . . guilty as charged, now get out of here." *Id.*

Plaintiff was placed in segregation, where he was not allowed to make phone calls to family members, watch television, eat food he had purchased from the commissary, or take college classes, all of which are privileges afforded to inmates in general population. (Doc. 8, p. 6). Plaintiff served 30 days in segregation. (Doc. 8, p. 16).

Plaintiff further alleges that he was placed in a cell with a seriously mentally ill inmate, who had just come off suicide watch. (Doc. 8, p. 6). Plaintiff's cellmate, Jones, immediately began threatening to harm Plaintiff. *Id.* Plaintiff informed Estes, Walla, Meracle, and Lieutenant Pearce about the threats on his life, but they ignored him. *Id*. Jones attacked Plaintiff, stabbing him in the neck, chest, back, shoulder, arm, leg, as well as punching him in the face repeatedly. *Id.* Plaintiff suffers from blurred vision and migraines,[1] aches and pains, as well as psychological trauma. *Id.*

---

[1] In case No. 17-110, Plaintiff has alleged that the blurred vision and migraines he suffered during this time period were attributable to the lack of proper eyeglasses. Plaintiff can only recover once for the same injury.

**Discussion**

Previously, the severance order designated two counts for this case:

**Count 5 –** First Amendment retaliation claim against Johnson, Myers, and Heck for Johnson filing false disciplinary charges against Plaintiff on May 22, 2015, and Myers and Heck refusing to allow Plaintiff to call witnesses at the hearing on those charges and ultimately giving Plaintiff 30 days in segregation in retaliation for the sexual assault Plaintiff reported and the grievances he filed at Western Illinois;

**Count 6 –** Fourteenth Amendment due process claim against Johnson, Myers, and Heck for Johnson filing a false disciplinary charges against Plaintiff on May 22, 2015, and Myers and Heck refusing to allow Plaintiff to call witnesses at the hearing on those charges and ultimately giving Plaintiff 30 days segregation.

As to **Count 5**, as the Court previously noted, to succeed on a First Amendment Retaliation claim, a plaintiff must prove 1) that he engaged in conduct protected by the First Amendment; 2) that he suffered a deprivation that would likely deter First Amendment activity in the future; and 3) that the protected conduct was a "motivating factor" for taking the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

The Court's prior order found that Plaintiff had not adequately alleged a First Amendment Retaliation claim because he had not adequately pleaded that Defendants in this case were even aware of any First Amendment activity that Plaintiff had engaged in. In the Amended Complaint, Plaintiff does not plead any new facts on this point; his allegations are basically a restatement of the allegations in the original Complaint, which makes the Amended Complaint a futile gesture. *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992) (citing *Wakeen v. Hoffman House, Inc.*, 724 F.2d 1238, 1244 (7th Cir. 1983)). All Plaintiff has done here is

reiterate his earlier conclusion that because Gooden knew of Plaintiff's protected activity at Western Illinois, all of the Pinckneyville defendants must have known as well, despite the complete lack of any facts that would make this plausible. Given the lack of additional allegations, the Court finds no reason to allow this claim to go forward at this time. The Court can only conclude that Plaintiff does not actually have a legally valid claim here because he has failed to provide additional facts when given the chance to amend; thus, the Court will now dismiss this claim with prejudice as factually frivolous.

Turning to Plaintiff's due process claim, when a plaintiff brings an action under § 1983 for a procedural due process violation, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a liberty interest in being in the general population only if the conditions of his confinement pose "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). In the Seventh Circuit, a prisoner only has a liberty interest if the conditions in disciplinary segregation are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). As the Court previously noted, a short term in segregation may not state a claim at all. *Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005).

As to **Count 6**, Plaintiff has provided additional allegations, but they are not sufficient to save this claim. In fact, at least one of the additional allegations severely weakens his claim. Plaintiff originally alleged that he submitted witness names prior to his hearing, but now he claims that he merely tried to tell the guard who dropped off the disciplinary report about them. He has not explained why he could not submit witnesses in writing at some time during the two

5

days between the time he got the disciplinary report and the time of his Adjustment Committee hearing. If Plaintiff did not submit witness names in writing prior to the hearing, then he was not denied due process.

Of course, that is slightly beside the point. The Court originally dismissed **Count 6** because it found that Plaintiff had not adequately pleaded that he had a liberty interest. The Court noted that Plaintiff had only been sentenced to 30 days in segregation, a fact curiously missing from the Amended Complaint, and that he had not alleged anything about the conditions in segregation that would suggest that he experienced a significant or atypical hardship during such a short stint in segregation. In an attempt to correct this problem, Plaintiff has now alleged that he lost privileges like television and phone calls. But prisoners have no liberty interest in privileges; the average prisoner can expect to lose and regain privileges throughout the course of his incarceration due to discipline, lockdowns, or other reasons. The "atypical and significant hardship" standard is meant to address conditions that actually harm prisoners or put them at risk of harm. *See Kervin v. Barnes*, 787 F.3d 833, 836 (7th Cir. 2015) (district judge was correct to dismiss suit where prisoner alleged he was sent to segregation for 30 days and did not suffer any significant injury as a result of the placement). Loss of privileges does not plausibly suggest that Plaintiff lost a liberty interest.

In an attempt to get around this point, Plaintiff has also alleged that his cellmate physically attacked him. The Court did not construe this as a separate claim, because this claim is already proceeding in Case No. 16-cv-1393, a fact unmentioned by Plaintiff. Plaintiff also has forgotten to mention that the attack occurred on July 14, 2015. (Doc. 2, p. 16). As Plaintiff was sentenced to 30 days of segregation on May 24, 2015, the Court presumes that his disciplinary segregation ended on June 23, 2015, approximately three weeks prior to the attack. The Court

therefore finds that the attack was not related to the disciplinary sanctions imposed on Plaintiff and therefore cannot be the basis of his claim that he was deprived of a liberty interest. The Court finds that its original conclusion that Plaintiff had not stated a liberty interest remains correct. Moreover, as Plaintiff has been unable to provide facts which would make his due process claim plausible, even after an attempt at amendment, the Court concludes that such facts do not exist. This makes Plaintiff's claim legally frivolous. The Court will therefore dismiss the claim with prejudice.

## Disposition

**IT IS HEREBY ORDERED** that this case is **DISMISSED with prejudice** as legally frivolous. Plaintiff is assessed a strike pursuant to § 1915(g).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  May 30, 2017**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**